Mark L. Eisenhut, Bar No. 185039
Kyle R. Bevan, Bar No. 294877
CALL & JENSEN
A Professional Corporation
610 Newport Center Drive, Suite 700
Newport Beach, CA  92660
Tel:   (949) 717-3000
Fax:   (949) 717-3100
meisenhut@calljensen.com
kbevan@calljensen.com

Attorneys for Plaintiff ARMA SPORT, INC.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMA SPORT, INC., a limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>RAHAL BIOSCIENCES, INC.; SARAH RAHAL; and DOES 1-10,<br><br>Defendants. | Case No.  '24CV2385 MMA MSB<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT; FALSE DESIGNATION OF ORIGIN; CALIFORNIA COMMON LAW TRADEMARK INFRINGEMENT & UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Complaint Filed:  December 17, 2024<br>Trial Date:  None Set |

## THE PARTIES

1. Plaintiff Arma Sport, Inc. ("Arma Sport" or "Plaintiff") is a limited liability company organized and existing under the laws of the State of California, with a principal place of business in San Diego County, California.

2. Defendant Rahal Biosciences, Inc. is, upon information and belief, a company organized and existing in Bonita Springs, Florida.

3. Defendant Sarah Rahal is, upon information and belief, an individual residing in Miami Beach, Florida.

## JURISDICTION AND VENUE

4. The Court has original subject matter jurisdiction over the federal claims that relate to trademark infringement, false designation of origin, unfair competition, and false advertising under 15 U.S.C. §§ 1116 and/or 1121(a) and under 28 U.S.C. §§ 1331 and 1338, as these claims arise under the laws of the United States. The Court has supplemental jurisdiction over the claims in this Complaint that arise under state statutory and common law under 28 U.S.C. §§ 1338(b) and 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of facts.

5. This Court has personal jurisdiction because Defendants have substantially targeted consumers in California through marketing, advertising, and selling infringing products to consumers in this judicial district and because actual confusion has occurred in the State of California, as alleged below. Defendants continue to make false statements in connection with the sale, advertisement, marketing, and promotion of their goods in California. Defendants' website, www.armra.com, offers products for sale to customers in California and specifically ships to and sells products through retailers, including Sprouts, in San Diego County, California.

6. Venue is proper in this judicial district under 28 U.S.C. § 1391 because Defendants have extensive contacts with and conduct business within the State of

California and this judicial district and because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

## FACTUAL BACKGROUND

7. Scott Sepkovic founded Arma Sport, which has been supplying quality supplements to consumers under its brand ARMA since 2018.

8. Two years later, Defendants Rahal Biosciences, Inc. and Sarah Rahal ("Defendants") launched the ARMRA brand.

9. Plaintiff and Defendants offer supplements that provide health benefits to consumers under their respective ARMA and ARMRA brands.

10. On March 10, 2020, Plaintiff obtained a federal trademark registration for ARMA in Class 5 for dietary and nutritional supplements for endurance sports. **Exhibit A** is a copy of Reg. No. 6009131, which is incorporated here by reference.

11. Three months later, in June 2020, Defendant Rahal Biosciences, Inc. applied to obtain federal trademark registration for ARMRA, Serial No. 90028364, in Class 5 for supplements. The United States Patent and Trademark Office ("USPTO") rejected Plaintiff's application due to likelihood of confusion with Plaintiff's ARMA trademark ("Registration of the applied-for mark is refused because of a likelihood of confusion with the mark in U.S. Registration No. 6009131."). **Exhibit B** is a copy of the USPTO's decision dated October 10, 2020, which is incorporated here by reference. Defendant Rahal Biosciences, Inc. continued to try to challenge the USPTO's decision not to allow an ARMRA trademark. The USPTO was not persuaded. The USTPO held its ground, and on May 31, 2022, once again denied Defendant Rahal Biosciences, Inc.'s efforts to obtain a trademark registration for ARMRA. **Exhibit C** is a copy of the USPTO's FINAL decision, which is incorporated here by reference.

12. Rather than stop using ARMRA because it is confusingly similar to ARMA, as the USPTO has confirmed multiple times, Defendants applied for additional

trademarks, expanded their marketing, increased their sales, and ignored the fact that Plaintiff owns superior rights to use ARMA.

13. In March 2023, after Plaintiff received notifications of consumer confusion, counsel for Plaintiff emailed Defendants' counsel with evidence of confusion in the marketplace. Counsel for both parties discussed this, but despite the USPTO rejection and notice of actual confusion in the marketplace, Defendants will not stop using the confusingly similar trademark ARMRA.

14. To be clear, Plaintiff has received many notices of confusion, which (of course) does not account for others who fail to notify Plaintiff. Below is a list of known instances of confusion:

   a. November 15, 2022 – **Ex. D**
   b. March 19, 2024 – **Ex. E**
   c. May 21, 2024 – **Ex. F**
   d. June 6, 2024 – **Ex. G**
   e. June 14, 2024 – **Ex. H**

15. As these instances of confusion occur, Defendants continue to expand their marketing, advertising, and promotion of ARMRA, mainly through social media and e-commerce. Defendants have used keywords and Google ads to increase their sales.

16. Defendants are far outspending Plaintiff on advertising. Because Defendants have swamped Plaintiff's reputation in the marketplace, customers will likely be confused into thinking that Plaintiff's goods are those of Defendants.

17. Plaintiff is effectively foreclosed from expanding into related fields (*e.g.,* a colostrum supplement) because Defendants have expanded so quickly and dwarfed Plaintiff. Plaintiff's goodwill is now placed in the hands of Defendants. Accordingly, the value of Plaintiff's brand is substantially diminished, its brand identity is stagnant, and it no longer has control over its goodwill, reputation, or ability to move into new markets (*e.g.,* health, wellness, and fitness).

18. As a result, Plaintiff's ARMA brand has lost traction in the marketplace and cannot fairly compete with ARMRA. Indeed, a simple Google search for "Arma supplements" reveals pictures of ARMRA products. The first result is Defendants' website. (*See* **Exhibit I**).

19. Making matters worse, upon information and belief, Defendants have engaged in a series of false and misleading advertising. Defendants have spent hundreds of thousands of dollars to lure customers into buying ARMRA products. Through their pervasive advertising, they deceive consumers into believing that ARMRA products are "research-backed" to "strengthen immunity," "ignite metabolism," "fortify gut health," "restore sleep," "improve mood, focus & energy," "support sinus health," "enhance skin radiance," "activate hair growth," and "fuel performance & recovery."

20. Defendants have flooded the market with advertisements that claim to be fully backed by scientific and pharmaceutical legitimacy. On information and belief, Defendant's products are not "research-backed." The studies that Defendants rely on in their advertising are flawed and misleading. Worse yet, Defendants' products were never tested in any peer-reviewed clinical trial.

21. Unless enjoined, Defendants will continue to unlawfully compete and infringe Plaintiff's federally registered trademark for ARMA.

## FIRST CAUSE OF ACTION
### (Trademark Infringement, 15 U.S.C. § 1114)

22. Plaintiff repeats and realleges the allegations of the preceding paragraphs of this Complaint as is fully set forth herein.

23. Plaintiff owns a valid trademark for ARMA that it has used exclusively in commerce before Defendants' use of ARMRA.

24. Defendants' sales, marketing, and advertising of ARMRA products is causing confusion in the marketplace and will likely cause more customer confusion

over the source of the parties' products. The USPTO has already determined that there is a likelihood of consumer confusion.

25. Defendants have intentionally and recklessly disregarded Plaintiff's superior trademark rights to ARMA, partly by increasing advertising and applying to register additional trademarks for ARMRA.

26. Defendants' unauthorized use in commerce as alleged above is likely to cause reverse confusion, which violates 15 U.S.C. § 1114.

27. Defendants had actual knowledge of Plaintiff's prior ownership of ARMA, and Defendants continue to cause confusion in the marketplace willfully.

28. Defendants' actions have caused damage to Plaintiff in an amount to be determined at trial.

29. Defendants' actions have irreparably injured Plaintiff. Such injury will continue unless this Court enjoins Defendants from further violating Plaintiff's rights.

## SECOND CAUSE OF ACTION
## (False Designation of Origin 15 U.S.C. § 1125)

30. Plaintiff repeats and realleges the allegations of the preceding paragraphs of this Complaint as is fully set forth herein.

31. Plaintiff developed and promoted its ARMA supplement brand before Defendants launched ARMRA. While ARMA was still developing its brand through, without limitation, marketing, advertising, and social media, Defendants infringed and saturated the market.

32. The value of Plaintiff's ARMA trademark is significantly diminished because consumers are now likely to connect ARMA with ARMRA. In other words, Plaintiff has lost its identity, control over its goodwill and reputation, and its ability to expand into new markets or offer new products.

33. Defendants' products are sold and marketed using the ARMRA brand name, which is confusingly similar to ARMA.

34. Consumers will likely be confused about the origin, source, sponsorship, or affiliation of the parties' products. Defendants' conduct constitutes trademark infringement and false designation of origin in violation of 15 U.S.C. § 1125(a).

35. Defendants had actual knowledge of Plaintiff's prior ownership of ARMA, and Defendants continue to cause confusion in the marketplace willfully.

36. Defendants' actions have caused damage to Plaintiff in an amount to be determined at trial.

37. Defendants' actions have irreparably injured Plaintiff. Such injury will continue unless this Court enjoins Defendants from further violating Plaintiff's rights.

## THIRD CAUSE OF ACTION

### (California Common Law Trademark Infringement/Unfair Competition)

38. Plaintiff repeats and realleges the allegations of the preceding paragraphs of this Complaint as is fully set forth herein.

39. By virtue of the acts complained of herein, Defendants have caused a likelihood of confusion among consumers and the public.

40. Defendants have engaged in acts of unfair, deceptive, or misleading advertising and have unfairly competed with Plaintiff in violation of California's Unfair Competition Law (Bus. & Prof. Code, §§ 17200 *et seq.*) and the common law.

41. Defendants' actions have irreparably injured Plaintiff. Plaintiff has no adequate remedy at law. This injury will continue unless this Court enjoins Defendants from continuing to violate Plaintiff's rights.

42. Defendants' willful acts constitute fraud, oppression, and malice. Accordingly, Plaintiff is entitled to exemplary damages under Civ. Code. § 3294(a).

///

///

///

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Arma Sport, Inc. prays for relief as follows:

a. That the Court render a final judgment in favor of Arma and against Defendants on all claims for relief alleged herein;

b. That the Court render a final judgment that Defendants have willfully violated 15 U.S.C. § 1114 by using infringing marks in connection with the marketing, promotion, and sale of Defendants' goods;

c. That the Court render a final judgment that Defendants have willfully violated 15 U.S.C. § 1125(a) by using infringing marks in connection with the marketing, promotion, and sale of Defendants' goods;

d. That the Court render a final judgment that Defendants have willfully unfairly competed with Plaintiff in violation of Cal. Bus. & Prof. Code §§ 17200 *et seq.*;

e. That the Court render a final judgment that Defendants have willfully unfairly competed with Plaintiff in violation of the common law of the State of California and are guilty of oppression, fraud, or malice;

f. That Defendants, their agents, servants, employees, attorneys, successors, affiliates, and assigns, and all those in active concert and participation with any of the preceding persons and entities who receive actual notice of the Court's order by personal service or otherwise, be preliminarily and permanently enjoined from:

   i. Using the ARMRA mark in connection with advertising, promotion, or sale of any of Defendants' products or services;

   ii. Using any confusingly similar variations of the ARMRA mark in a manner that is likely to create the impression that Defendants' products or services originate from Plaintiff, are endorsed by Plaintiff, or are connected in any way with Plaintiff;

   iii. Engaging in any activity that constitutes unfair competition with Plaintiff;

   iv. Falsely designating the origin of Defendants' products or services;

  v. Filing or maintaining any applications for registration of the ARMRA mark or any other trademarks confusingly similar to Plaintiff's marks; and

  vi. Aiding, assisting, or abetting any other individual or entity in doing any act prohibited by the sub-paragraphs delineated above.

 g. That Plaintiff be awarded all actual damages to which it is entitled, including an amount up to three times the amount of its actual damages in accordance with 15 U.S.C. § 1117(a);

 h. That Defendants be directed to account and pay over to Plaintiff all profits realized by Defendants' wrongful acts complained of herein, including as enhanced by the Court as appropriate in accordance with 15 U.S.C. § 1117(a);

 i. That Defendants be ordered to pay Plaintiff exemplary damages under Cal. Civ. Code § 3294(a);

 j. That the Court award Plaintiff its costs and reasonable attorneys' fees, including declaring this an exceptional case under 15 U.S.C. § 1117(a);

 k. That the Court award Plaintiff interest, including prejudgment and post-judgment interest; and

 l. That Plaintiff be awarded such other and further relief as the Court deems just.

Dated: December 18, 2024   CALL & JENSEN
               A Professional Corporation
               Mark L. Eisenhut
               Kyle R. Bevan


               By: */s/ Mark L. Eisenhut*
                  Mark L. Eisenhut

               Attorneys for Plaintiff Arma Sport, Inc.

## **DEMAND FOR JURY TRIAL**

Plaintiff Arma Sport, Inc. demands a trial by jury on all issues so triable.

Dated: December 18, 2024

CALL & JENSEN
A Professional Corporation
Mark L. Eisenhut
Kyle R. Bevan

By: */s/ Mark L. Eisenhut*
    Mark L. Eisenhut

Attorneys for Plaintiff Arma Sport, Inc.